

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 18, 1958

Honorable O. B. Ellis
Director, Texas Department
 of Corrections
Huntsville, Texas

Opinion No. WW-454

Re: Authority of the Comptrol-
ler of Public Accounts to
issue a warrant for payment
of penalty required by the
United States Government
in order to market cotton
raised on prison farms.

Dear Mr. Ellis:

You have requested an opinion concerning the author-
ity of the Comptroller to issue a warrant in payment of
necessary penalties in order to market cotton raised on four
prison farms in Brazoria County.

Under the provisions of Section 1346, Title 7,
United States Code Annotated, the Texas Department of Correc-
tions is required to pay a certain penalty in order to market
the cotton now being grown free of any lien on the Retrieve
State Farm, Darrington State Farm, Clemens State Farm and
Ramsey State Farm, all in Brazoria County. The cotton allot-
ment made by the Brazoria County Committee on the 5th and 12th
days of November, 1957, is now on appeal in the United States
District Court for the Sourthern District of Texas, Galveston
Division, in a case styled State of Texas, et al v. Jack
Wendt, et al, Review Committee. In this case the Texas Depart-
ment of Corrections is not questioning the liability of that
Department to pay the penalties involved.

The only question presented in your request is that
of the authority of the Comptroller to issue a warrant for
the payment of the penalties. Under Subdivision d of Section
1346, Title 7, United States Code Annotated, the United States
Government has a lien on all cotton raised on the above named
farms until such penalty is payed. Therefore, it is necessary

for the Department of Corrections to pay the penalty in order to market the cotton free of any lien of the United States Government. It is our opinion that the payment of the penalty is an expense incidental to the marketing of the cotton.

Item 114 of the appropriation to the Texas Prison System in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, page 870, provides as follows:

| | "For the Years Ending | |
| | August 31, 1958 | August 31, 1959 |
| --- | --- | --- |
| "For Other Expenses-- | | |
| "114. Food, medical supplies, stock feed, seed, fertilizer, insecticides, veterinary supplies, shoes, clothing and bedding, factory and shop materials, tires, tubes, gas, oil, repairs, office supplies, rents, water and utilities, postage on material furnished to Board of Pardons and Paroles, postage, telephone, telegraph, freight, express, drayage, per diem of board members, travel expense, transportation of prisoners, rewards, inquests, insurance, bond premiums, cleaning supplies, equipment, and contingencies . . . . . | $1,025,829 | $1,025,829 |

". . . . . . . . . . ."

At the time the above appropriation bill was enacted the cotton acreage allotment and the penalties accruing therefrom were not anticipated by the Legislature, and, therefore, such expense constitutes a contingent expense, payable out of Item 114. You are, therefore, advised that the Comptroller of Public Accounts is authorized to issue a warrant for the payment of such penalties.

## SUMMARY

The Comptroller of Public Accounts is authorized to issue a warrant for the payment of penalties necessary for the Department of Corrections to market cotton raised on the Texas Prison Farms in Brazoria County free and clear of existing liens by the United States Government.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*

John Reeves
Assistant

*B. H. Timmins, Jr.*

B. H. Timmins, Jr.
Assistant

JR:BHT:jl

APPROVED:

OPINION COMMITTEE

J. Arthur Sandlin, Chairman

Linward Shivers

J. Milton Richardson

Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert